**FROM: The District Court of the 11th Judicial District. County of Flathead.**

STATE OF MONTANA,

Plaintiff,                                                    NO. DC 94-154A

vs.                                                          DECISION

James Edward Ball,

Defendant.

On February 24, 1995, the defendant was found guilty of the offenses of Sexual Intercourse Without Consent, Two Counts, both felonies, and therefore, It is the sentence of this Court that with regard to Count I: Sexual Intercourse Without Consent, a felony, the defendant is sentenced to forty (40) years at the Montana State Prison and with regard to Count III: Sexual Intercourse Without Consent, a felony, the defendant is sentenced to forty (40) years at the Montana State Prison, said sentences to run consecutively for a full term of eighty (80) years. The court finds that the defendant is a substantial danger to others and this court declares the defendant to be a dangerous offender for the purposes of parole eligibility. The defendant shall be restricted from parole eligibility until he has served forty (40) years in the Montana State Prison. The defendant shall be given credit for 240 days served in pre-sentence incarceration as of February 24, 1995. Although the State and defendant have recommended that the court sentence the defendant to Warm Springs State Hospital, the evaluation ordered August 17, 1994 upon the defendant's motion, fails to provide a basis for the court to follow this recommendation. The court does not recommend that the defendant be sentenced to the Montana State Hospital, but recommends he complete the sexual offender treatment program available at Montana State Prison. As required by Section 46-18-254, M.C.A., the Defendant is hereby advised of his obligation to register as a sexual offender upon his release from custody. The defendant is further advised that his obligation to register continues for a period of ten (10) years following his release from prison. Failure to comply with this requirement is punishable by a maximum fine of $250.00 and by a maximum term of imprisonment of ninety (90) days.

On May 12, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open Court this 12th day of May, 1995.

DATED this 23rd day of May, 1995.

Hon. John Warner, Chairman, Hon. Robert Boyd, Alternate Member, and Hon. Jeffrey M. Sherlock, Member.

The Sentence Review Board wishes to thank James Ball for representing himself in this matter.